**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANGELA ROLON DE GOMEZ, | No. 11-70157 |
| Petitioner, | Agency No. A041-772-112 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2012**
San Francisco, California

Before: TASHIMA and SILVERMAN, Circuit Judges, and ADELMAN, District
Judge.***

　　Angela Rolon de Gomez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an

---

　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

　　***　　The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

Immigration Judge's denial of her application for cancellation of removal, or, alternatively, withholding of removal and protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

1.     We lack jurisdiction to review the denial of Petitioner's application for cancellation of removal because her 1998 conviction for welfare fraud under Cal. Welf. & Inst. Code § 10980 is an aggravated felony covered by 8 U.S.C. § 1252(a)(2)(C). Any crime that involves fraud or deceit where the loss to the victim exceeds $10,000 is an aggravated felony. 8 U.S.C. § 1101(a)(43)(M)(i). Petitioner concedes that her crime involved fraud, and Petitioner agreed in 1998 to pay $18,594 in restitution as part of her probation. While Petitioner's conviction was reduced to a misdemeanor in 2007, there is no evidence that the conviction was reduced because the loss to the victim was found to be lower than originally thought. We therefore find that Petitioner's stipulation to pay restitution proves that the loss to the victim exceeded $10,000. *See Nijhawan v. Holder*, 557 U.S. 29, __, 129 S. Ct. 2294, 2303 (2009).

2.     We retain jurisdiction to review Petitioner's applications for withholding of removal and CAT protection. *See Bromfield v. Mukasey*, 543 F.3d

2

1071, 1075 (9th Cir. 2008). However, Petitioner's claims fail on the merits. There is substantial evidence to support the BIA's conclusion that Petitioner is ineligible for withholding of removal because she failed to establish a clear probability of future persecution in Mexico. We affirm the denial of Petitioner's application for CAT protection for similar reasons.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**